O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 08-01461-SGL(Ex)                              Date:  October 27, 2008

Title:      WASHINGTON MUTUAL BANK -v- OLIVIA SARILLANA, ET AL.
===============================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

   Jim Holmes         None Present
   Courtroom Deputy Clerk     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

None present           None present

PROCEEDINGS:    ORDER TO SHOW CAUSE

  The Court has received and reviewed defendant's October 20, 2008, notice of removal, seeking to remove to this Court an unlawful detainer action filed by plaintiff in San Bernardino County Superior Court.  In the notice, defendant argues that this Court has subject matter jurisdiction over the unlawful detainer action because there is "complete diversity" and defendant "believes that the amount in controversy exceeds $75,000."  The complaint filed by plaintiff tells a different story.  In the complaint, plaintiff specifically concedes that the amount "demanded does not exceed $10,000."  This specific averment of what plaintiff seeks by way of damages defeats any suggestion that the amount in controversy exceeds $75,000.

  In the notice defendant also asserts that the Court has federal question jurisdiction because of his "discovery request and demands for '**THE ORIGINAL BLUE INKED PROMISSORY NOTE**."  However, for the Court to have subject matter jurisdiction over a case, a cause of action in the case (not a discovery request) must arise under the laws of the United States.  Similarly, defendant asserts that the state court complaint "alleges claims 'arising under' federal law," but again the complaint filed by plaintiff is simply a unlawful detainer action and does not list or aver any claim based on federal law.

  Given the substantial questions that exists as to whether this Court has jurisdiction to hear this matter, defendant is hereby **ORDERED TO SHOW CAUSE** within seven (7) days of the date of this Order why this case should not be remanded to state court.  Defendant's failure to timely respond to the Order to Show Cause shall be considered by the Court as a failure to prosecute this matter and will result in the summary remand of the matter to state court.

MINUTES FORM 90               Initials of Deputy Clerk: jh
CIVIL -- GEN           1

IT IS SO ORDERED.